UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB, LLC,

    Plaintiff,

v.

DEAN R. BAKER d/b/a POST FX VIDEO, DON EAGLE, DIANE EAGLE, MATT EAGLE, and DAVID A. JONES

    Defendants, pro se

                              /

Civil Action No.: 15-862

## **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Defendants Diane Eagle and Matt Eagle ("Defendants") hereby file this Response in Opposition to Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents, stating:

### INTRODUCTION

1. On September 9, 2015, Plaintiff served its first set of interrogatories and requests for production of documents ("discovery requests") on the Defendants via email.

2. Defendants have since filed with the court their Responses to Plaintiff's Requests for Production of Documents.

3. On January 20, 2016, Plaintiff moved to compel Defendants to respond and produce documents responsive to Plaintiff's First Request.

4. The motion should be denied. Plaintiff's requests seek irrelevant documents, impermissibly seek discovery of private financial information and likely constitute impermissible and premature discovery in aid of execution, and are exceedingly

overbroad and vague. For these reasons, explained in more detail below, Plaintiff's motion to compel should be denied and Defendants' objections sustained.

## ARGUMENT

1. While the permissible scope of discovery is indeed broad, it is not unlimited. *See East Colonial Refuse Serv., Inc. v. Velocci,* 416 So. 2d 1276, 1277 (Fla. 5th DCA 1982). To be discoverable, the information sought must be relevant to the proceeding and admissible or reasonably calculated to lead to the discovery of admissible evidence. *Allstate Ins. Corp. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995). *See also Velocci*, 416 So. 2d at 1277; *see also McCarty v. Estate of Schultz*, 372 So. 2d 210, 212 (Fla. 3d DCA 1979) (party may not utilize the discovery process for a "mere fishing expedition or general inquisitorial examination of papers with a view to ascertaining whether something of value may or may not show up"). And even if this relevance standard is met, "the particular items or information sought to be discovered may be privileged and therefore beyond permissible discovery." *See Velocci*, 416 So. 2d at 1278-78, n.2 (citing *Central Florida Skates, Inc. v. Thomas*, 393 So. 2d 1200 (Fla. 5th DCA), *rev. denied*, 402 So. 2d 608 (Fla. 1981)). Thus, the court has broad discretion to refuse discovery of irrelevant information, deny requests that are unreasonable and oppressive, and protect privileged information. Here, Plaintiff's requests run afoul of both requirements—they seek documents that are irrelevant and call for disclosure of protected financial information. And as if that were not enough, the requests also are overbroad and vague.

2. Plaintiff seems to be confused as to what this proceeding is about, as Plaintiff states in the initial Complaint that Defendants have committed an alleged act of Racketeering, yet Plaintiff claims to seek to establish that Don Eagle is liable for copyright infringement

solely "in his individual capacity", not in a pattern of conspiring with the other Defendants. Plaintiff clearly seeks to pierce the corporate veil, and harass defendants.

3. Plaintiff also seeks to burden Defendants with the production of "documents sufficient to identify any duty or role of Don Eagle in or for Tweople," despite Plaintiff already having these documents in Plaintiff's possession, as they were provided in the Tweople proceedings. This can be evidenced in Plaintiff's initial Complaint.

4. Furthermore, much of what the Plaintiff has requested in Plaintiff's Requests for Production have already been provided in the Tweople proceedings, as Plaintiff has restated many requests verbatim, in an effort to overly and unduly burden the Court and Defendants.

5. Plaintiff's motion should also be denied because requests seek Diane Eagle's and Matt Eagle's private financial information without any relevant or compelling reason for doing so.

6. Moreover, "the burden to prove the information is relevant or reasonably calculated to lead to the discovery of admissible evidence in on the party seeking the information." *Id.* (citing *Spry v. Prof'l Emp'r Plans*, 985 So. 2d 1187, 1188-89 (Fla. 1st DCA 2008)). This determination can be made only after an evidentiary hearing. *Id*. It is a departure from the essential requirements of law for a court to order production of personal financial information without first conducting an evidentiary inquiry into its relevance. *Rowe*, 89 So. 2d at 1103. The assertions or arguments of a party's attorney are not sufficient evidence of relevance. *See DiSarrio v. Mills*, 711 So. 2d 1355, 1357 (Fla 2d. DCA 1998).

7. Plaintiff's requests for financial information, on their face, seek nothing relevant to the claims currently at issue in this dispute. Rather, they ask for information relating to Diane Eagle's and Matt Eagle's personal finances. This financial information is not relevant to

the claims or defenses of any party and Plaintiff offers no compelling reason for its disclosure.

8. Additionally, any Requests relating to non-personal financial statements, such as those relating to Tweople, Inc., can likely be ascertained through documents already in the Plaintiff's possession through discovery in the Tweople proceedings, as well as those obtained by Plaintiff through Subpoenas targeted at Tweople's credit card processing provider.

9. Defendants have, indeed, stated in some of their responses that they would produce relevant documents. However, Plaintiff is being unreasonable in their time constraint of two (2) days, considering the broad scope of what is being provided by Defendants. Defendants are actively working to compile the relevant documents and will produce them in as timely a fashion as they can manage.

10. Additionally, Defendants are actively compiling their response to Plaintiff's Interrogatories, despite the overwhelming burden also imposed on Defendants by compiling responsive documents relevant to overbroad requests by Plaintiff.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to compel should be denied and Defendants' objections to requests sustained.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order. (i) denying Plaintiff's motion to compel, (ii) sustaining Defendants' objections to Plaintiff's requests, and (iii) awarding Defendants adequate relief as the Court deems just and proper under the circumstances.

Dated this 25th day of January, 2016.

By:__/s/ Diane Eagle_____

Name: DIANE EAGLE

By:__/s/ Matt Eagle_____
Name: MATT EAGLE