UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB, LLC,

        Plaintiff

v.                                                                      Civil Action No.: 2:15-00862-NIQA

ESTATE OF DON EAGLE,
DIANE EAGLE, and
MATT EAGLE,

        Defendants

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Plaintiff, Live Face on Web, LLC ("LFOW" or "Plaintiff"), by and through its counsel, hereby files this Reply to Defendants' Response in Opposition to Plaintiff's Motion to compel responses to discovery requests and production of documents of Defendants Estate of Don Eagle ("Estate"), Diane Eagle ("Diane"), and Matt Eagle ("Matt") (hereinafter collectively "Defendants"). In support, Plaintiff states as follows:

1. Defendants agree that on September 9, 2015, Plaintiff served its first set of interrogatories and requests for production of documents ("discovery requests") on the Defendants via email.

2. More than thirty (30) days have passed since Defendants' responses to Plaintiff's discovery requests were due.

3. Defendants do not deny that they failed to respond to Plaintiff's interrogatories.

4. Defendants filed with the court their responses to Plaintiff's requests for production of documents [Doc. No. 61]; however, no documents were produced and Defendants instead asserted improper objections.

5. In their Response, Defendants' argument centers against producing "private financial information" in response to Plaintiff's Discovery Requests; however, no mention is made as to why Defendants failed to respond to Plaintiff's Interrogatories or the remainder of Plaintiff's Requests for Production of Documents.

6. With regard to producing Defendants' "private financial information," the flow of money between the Defendants is necessary and relevant to show the connection of racketeering and conspiracy between the parties and is not improper or somehow contrary to Plaintiff's claims.

7. Furthermore, Defendants' "private financial information" is relevant to establish damages because Plaintiff is entitled to a disgorgement of Defendants' profits for copyright infringement.

8. Defendants' arguments that some or all information has already been produced in a previous Tweople proceeding in Florida is simply untrue.

WHEREFORE, Plaintiff is respectfully requesting that Defendants be directed to fully respond to Plaintiff's discovery requests within two (2) days or face sanctions by this Court.

Dated this 25th day of January, 2016.

                                  Respectfully submitted,
                                  **Law Offices of Jason Rabinovich, PLLC.**

                                By:  /s/ Jason Rabinovich, Esq.
                                Jason Rabinovich, Esq.

1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
Fax: (610) 862-3764
Email: JasonRabinovich@jasonrabinovichlaw.com
*Attorneys for Plaintiff, Live Face on Web, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via ECF and served via ECF Notice, this 25th day of January, 2016, as follows:

    Estate of Don Eagle
    10122 Pointview Court
    Orlando, FL 32836

    Diane Eagle
    10122 Pointview Court
    Orlando, FL 32836

    Matt Eagle
    10122 Pointview Court
    Orlando, FL 32836

By:___/s/ Jason Rabinovich, Esq.___
Jason Rabinovich, Esq.